UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANTHONY C. WELCH,

Plaintiff,

v. Case No. 26-CV-524

CORY LADWIG et al.,

Defendants.

---

**ORDER**

---

Plaintiff Anthony C. Welch is currently incarcerated at Dodge Correctional Institution and representing himself in this 42 U.S.C. § 1983 action. On October 12, 2026, Defendants Cory Ladwig and Troy Beyer filed a motion for summary judgment on the ground that Plaintiff failed to exhaust administrative remedies. (ECF No. 29.) Plaintiff's response to the motion for summary judgment is due November 12, 2026. (*See* ECF No. 34.) This matter comes before the Court on Plaintiff's motion to compel and motion for an extension of time to respond to Defendants' motion for summary judgment.

Civil Local Rule 37 requires that all motions to compel include "a written certification by the movant that, after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord." In other words, before filing a motion to compel, a party needs to first discuss the dispute with the opposing party's lawyer. And, if they cannot work out the dispute and a party files a motion to compel, the party must include a certification in his motion that he first tried to resolve the dispute with the opposing party's lawyer. The certification must

include the date the movant conferred or attempted to confer with the opposing party as well as the names of the individuals the movant contacted in an attempt to reach resolution. Plaintiff's motion does not include the required certification, suggesting that he asked the Court to get involved before attempting to informally resolve his dispute with Defendants' counsel. Accordingly, the Court will deny the motion to compel to allow Plaintiff and Defendants' counsel the opportunity to resolve this issue without the Court's involvement.

Plaintiff has also filed a motion for an extension of time to respond to Defendants' motion for summary judgment on exhaustion grounds. He states that he has not yet received copies of Defendants' motion and supporting materials and that he has not received Defendants' responses to his discovery requests. Plaintiff requests an extension of time to December 22, 2026, to respond to Defendants' motion. (ECF No. 39.)

The Court reminds Plaintiff that all he must do at this point in the proceedings is respond to Defendants' motion for summary judgment based on his failure to exhaust administrative remedies. The issue raised in Defendants' motion for summary judgment is narrow and will turn on Plaintiff's personal knowledge of what actions he took to exhaust administrative remedies before he filed this lawsuit. Plaintiff has not explained how his discovery requests are relevant to the issue of exhaustion. The Court will nevertheless extend Plaintiff's deadline to respond to Defendants' motion for summary judgment on exhaustion grounds to December 22, 2026.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel (ECF No. 35) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time to respond to Defendants' motion for summary judgment (ECF No. 39) is **GRANTED**. Plaintiff's deadline to respond to Defendants' motion for summary judgment on exhaustion grounds is extended to

**December 22, 2026**. If Plaintiff does not file his response materials or request additional time to do so by the deadline, the Court will assume all facts asserted by Defendants to be true and will decide the motion without Plaintiff's input.

Dated at Green Bay, Wisconsin on November 2, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge